# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

Ralph Wagner,                                 :
                                              :     Case No.
       Plaintiff,                          :
                                              :
      v.                                   :
                                              :
Global Credit & Collection Corp.,             :
                                              :
      Defendant.                          :
_____ :

## VERIFIED COMPLAINT

Ralph Wagner (Plaintiff), by his attorneys, Krohn & Moss, Ltd., alleges the following against Global Credit & Collection Corp. (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in Massachusetts, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Westfield, Hampden County, Massachusetts.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Defendant is a collection agency with a main business office in Buffalo, New York.

9. Defendant is a collection law firm that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. On or about January 16, 2011, Defendant began placing telephone calls to Plaintiff up to three times per day attempting to collect a debt.

11. On January 20, 2011, Defendant left a voicemail message for Plaintiff stating that they were "finalizing this documentation…with a negative reading…(and need Plaintiff to) respond immediately." *See* January 20, 2011 transcribed voicemail attached as Exhibit "A."

12. On February 3, 2011, Defendant left a voicemail for Plaintiff stating that "a

decision is imminent" and "this may very well be your final opportunity." *See* February 3, 2011 transcribed voicemail attached as Exhibit "B."

13. Defendant did not identify itself as a debt collector in voicemails on January 20, 2011 or February 3, 2011. *See* Exhibits "A" and "B."

14. Further, Defendant has not taken any action against Plaintiff since leaving the aforementioned messages other than continuing to place calls to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

   c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   d. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of a debt.

e.  Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken.

f.  Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt.

g.  Defendant violated §1692e(11) of the FDCPA by failing to disclose in the initial communication with Plaintiff that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

Wherefore, Plaintiff, Ralph Wagner, respectfully requests judgment be entered against Defendant, Global Credit and Collection Corp, for the following:

16. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

18. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Ralph Wagner, demands a jury trial in this cause of action.

PLAINTIFF'S VERIFIED COMPLAINT

Dated:  July 6, 2011            RESPECTFULLY SUBMITTED,


                        By:    /s/ David R. Jackowitz_____

                           David R. Jackowitz, B.B.O. No. 567279
                           Shaevel & Krems, LLP
                           141 Tremont Street
                           Boston, MA 02111
                           Telephone: (617) 556-0244
                           Fax: (617) 556-0284
                           djackowitz@shaevelkrems.com

                           Attorneys for Plaintiff,
                           Ralph Wagner

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MASSACHUSETTS

Plaintiff, RALPH WAGNER, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, RALPH WAGNER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_June 17, 2011_
Date

_Ralph Wagner_
RALPH WAGNER

PLAINTIFF'S VERIFIED COMPLAINT

6